**GEORGE M. KAPOLCHOK**
**GEORGE KAPOLCHOK LAW OFFICES, INC.**
1049 West 5th Avenue, Suite 104
Anchorage, Alaska, 99501
Phone: (907) 278-8850
Fax: (907) 278-8860
E-mail: lawoffices@kapolchok.com

**Attorney for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Dewan Stickman, ) | |
| ) | Case No. 3:21-CV-75 Civil |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

COMES NOW plaintiff Dewan Stickman, by and through her attorney, George Kapolchok Law Offices, Inc., and for her cause of action against the defendant, the United States of America, states, alleges and avers as follows:

### I. Jurisdiction

1) Dewan Stickman is a resident of the State of Alaska, and is in all ways qualified to maintain this action.

2) This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et. seq.*

3) At all times relevant hereto, Dr. Nathaniel Eastman was an employee of the Alaska Native Tribal Health Consortium (ANTHC also referred to as ANMC), and both were agents and/or employees of the defendant, the United States of America.

4) Each of the individuals and/or entities named in paragraph 3 above, were acting within the course and scope of their employment and/or agency at the time of the events described herein.

5) The claims set forth herein were presented in writing by administrative claim No. 95-109 to the appropriate Federal Agencies on 5/04/2020. Those agencies failed to resolve the claim, although dialogue was opened, interviews taken and documents exchanged. The last word from the agencies was that the matter had been submitted for "a medical review." However, over six months have passed, and thus this suit is timely pursuant to 28 U.S.C. § 2675.

## II. Allegations Of Negligence

6) Plaintiffs reassert the allegations set forth in plaintiffs' paragraphs 1 – 5 above.

7) Dewan Stickman was diagnosed with a medium sized hiatal hernia that was detected by esophagogastroduodenoscopy in approximately October of 2017.

8) Dr. Eastman recommended and performed surgery on Plaintiff on June 4, 2018, at the Alaska Native Tribal Health Consortium ("ANTHC"), in Anchorage, Alaska.

9) The surgeries performed on June 4, 2018 were a laparoscopic hiatal hernia repair followed by an endoscopic anti-reflux procedure. In the course of the hernia repair, Dr. Eastman dissected, or otherwise cut, Plaintiff's gastric

artery, failed to identify the problem, and sent Plaintiff to recovery. In the course of the surgery the anesthesiologist failed to recognize and respond to clear signs that Plaintiff was hemorrhaging.

10) As a result of the damage to this blood vessel, Plaintiff suffered massive blood loss requiring an emergent lifesaving repair surgery. Plaintiff required hospitalization for 20 days at ANTHC to recover from the injury. Since then, plaintiff has had a panoply of related health problems caused by the surgical error, many of which impact Plaintiff to this day.

11) Dr. Eastman and ANTHC were negligent in that:
- The surgeon and his operative assistants failed to perform the procedure within the standard of care and then failed to recognize that they had created a massive bleed.

12) As a result of the negligence of Dr. Eastman and ANTHC, Dewan Stickman has endured and will continue to suffer pain and disability including, but not limited to:
- diminished quality and enjoyment of life;
- required continuing medical therapies.

Wherefore, plaintiff prays for the following relief:

1) compensation for past and future medical costs, and past and future lost income and loss of earning capacity;
2) compensation for past and future pain, suffering, loss of quality of life, and disability;
3) other relief deemed equitable by the Court.

DATED: March 25, 2021

*George M. Kapolchok*
George M. Kapolchok
Attorney for Plaintiffs
Alaska Bar No. 7510071